IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| AMERICAN GENERAL LIFE INSURANCE, as successor in interest To The Old Line Insurance Company Of America, | ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No.:   1:12-CV-3677-AT |
| YOUNGSUN MILLER and IGNACIA F. MILLER, | ) ) ) | |
| Defendants. | ) | |

## DEFENDANT YOUNGSUN MILLER'S ANSWER, CROSSCLAIM, AND COUNTERCLAIM TO PLAINTIFF'S COMPLAINT FOR INTERPLEADER RELIEF

COMES NOW Defendant, YOUNGSUN MILLER, by and through the undersigned counsel of record, and files this Answer and Defenses to Plaintiff's Complaint for Interpleader Relief and shows the Court as follows:

## PARTIES

### 1.

Defendant Youngsun Miller ("Miller") admits the allegations set forth in numbered Paragraph 1 of Plaintiff American General Life Insurance Company's Complaint for Interpleader Relief ("Complaint").

1

2.

Defendant Miller admits the allegations set forth in numbered Paragraph 2 of the Complaint.

3.

Defendant Miller is without knowledge or information sufficient to form a belief as to truth of the averments contained in numbered Paragraph 3 of the Complaint and therefore, can neither admit nor deny same.

## JURISDICTION AND VENUE

4.

Defendant Miller admits the allegations set forth in numbered Paragraph 4 of the Complaint in that this Court has original jurisdiction over this action, and that jurisdiction is proper pursuant to 28 U.S.C. § 1332.

5.

Defendant Miller admits the allegations set forth in numbered Paragraph 5 of the Complaint in that venue is proper in this Court pursuant to 28 U.S.C. § 1397.

## FACTUAL BACKGROUND

6.

Defendant Miller admits the allegations set forth in numbered Paragraph 6 of

the Complaint.

7.

Defendant Miller admits the allegations set forth in numbered Paragraph 7 of the Complaint.

8.

Defendant Miller admits the allegations set forth in numbered Paragraph 8 of the Complaint.

9.

Defendant Miller is without knowledge or information sufficient to form a belief as to truth of the averments contained in numbered Paragraph 9 of the Complaint and therefore can neither admit nor deny same.

10.

Defendant Miller admits the allegations set forth in numbered Paragraph 10 of the Complaint, and that pursuant to Exhibit F to the Complaint, Decedent Kenneth G. Miller's ex-wife Ignacia was still the primary beneficiary to Term Life Insurance Policy No. 1849750 as of February 29, 2008.

11.

Defendant Miller admits the allegations set forth in numbered Paragraph 11 of the Complaint.

12.

Defendant Miller admits that on May 1, 2012 Plaintiff advised her by letter that the primary beneficiary of Term Life Insurance Policy No. 1849750 ("Policy #1849750") had been changed to Miller, Decedent Kenneth G. Miller's lawful wife at the time of his death on May 18, 2012.

13.

Defendant Miller admits the allegations set forth in numbered Paragraph 13 of the Complaint.

14.

Defendant Miller is without knowledge or information sufficient to form a belief as to truth of the averments contained in numbered Paragraph 14 of the Complaint and therefore, can neither admit nor deny same.

15.

Defendant Miller admits the allegations set forth in numbered Paragraph 15 of the Complaint.

16.

Defendant Miller admits the allegations set forth in numbered Paragraph 16 of the Complaint.

17.

Defendant Miller is without knowledge or information sufficient to form a belief as to truth of the averments contained in numbered Paragraph 17 of the Complaint and therefore, can neither admit nor deny same.

18.

Defendant Miller admits the allegations set forth in numbered Paragraph 18 of the Complaint.

19.

Upon information and belief, Defendant Miller admits that Tina Miller Singleton failed to timely respond to Plaintiff American General's June 11, 2012 letter regarding contesting the beneficiary designation in Policy #1849750. Defendant Miller is without knowledge or information sufficient to form a belief as to truth of the remaining averments contained in numbered Paragraph 19 of the Complaint and therefore, can neither admit nor deny same.

20.

Defendant Miller admits that via letter dated June 27, 2012 that Plaintiff American general advised her of the existence of a dispute regarding the beneficiary of Policy #1849750.

21.

Defendant Miller admits the allegations set forth in numbered Paragraph 21 of the Complaint.

22.

Defendant Miller admits the allegations set forth in numbered Paragraph 22 of the Complaint, and further denies that Defendant Ignacia Miller is the primary beneficiary of Policy# 1859750 or entitled to any proceeds or payment there from, and demands strict proof thereof.

23.

Defendant Miller admits the allegations set forth in numbered Paragraph 23 of the Complaint, and further admits that such death benefit is payable to her.

## BASIS FOR INTERPLEADER RELIEF

Defendant Miller re-alleges and incorporates by reference her answers and objections to numbered Paragraphs 1 through 23 of the Complaint as if fully set forth herein.

24.

Numbered Paragraph 24 of the Complaint contains no allegations against Defendant Miller to which a response is required.  To the extent a response is

required, Defendant Miller denies the existence of valid "multiple and conflicting claims with respect to death benefits" under Policy #1849750, and avers that Plaintiff American General is obligated to pay said death benefits to the primary beneficiary listed with American General, i.e., Defendant Youngsun Miller.

25.

Numbered Paragraph 24 of the Complaint contains no allegations against Defendant Miller to which a response is required.  To the extent a response is required, Defendant Miller denies the existence of valid "actual or potential rival, adverse and conflicting claims" to death benefits under Policy #1849750, and avers that Plaintiff American General is obligated to pay said death benefits to the primary beneficiary listed with American General, i.e., Defendant Youngsun Miller.

26.

Defendant Miller denies the allegations in paragraph 26 of Plaintiff's complaint and asserts that American General acted in bad faith and breached its contract with Defendant Youngsun Miller as stated below in the counterclaims.

27.

Numbered Paragraph 24 of the Complaint contains no allegations against Defendant Miller to which a response is required.

## COUNTERCLAIMS

On November 1, 2012, Defendant filed a Complaint in the action captioned

Youngsun Miller v. American General Life Insurance Company, et al., in the

Superior Court of Cobb County, No. 12-1-9756-42. A notice of removal to this

court was filed on December 4, 2012, No. 12-CV-4208. To preserve her claims,

Defendant pleads her counterclaims herein, which is proper. See Bell v. Nutmeg

Airways Corp., 66 F.R.D. 1, 4 (D. Conn. 1975).   Defendant states her claims as

follows:

## JURISDICTION AND VENUE

### 28.

This court has jurisdiction over this matter, pursuant to 28 USC 1332,

because this suit is between citizens of different states and the amount in

controversy exceeds $75,000 exclusive of interest and costs.

### 29.

Venue is proper in this Court pursuant to 28 U.S.C. 1397, because

Defendant resides in this jurisdiction

## **THE PARTIES**

### 30.

Defendant Mrs. Youngsun Miller is an individual who resides in Cobb County, Georgia.

### 31.

Plaintiff American General is an insurance company which sells life insurance and other related products.  Plaintiff is a resident of Texas, and sells a variety of insurance products in numerous states, including Georgia.  Plaintiff may be served by serving its registered agent Corporation Service Technology, 40 Technology Parkway South, #300, Norcross, GA 30092.

### 32.

Plaintiff American General is a corporation organized and existing under the laws of the State of Texas, and has its principal place of business at 2727-A Allen Parkway, Houston TX 77019.

### 33.

Ms. Ignacia Miller is an individual residing in the State of Arkansas.

## FACTUAL BACKGROUND

34.

On June 9, 1992, American General's predecessor in interest, The Old Line Life Insurance Company of America, issued a life insurance policy No. 1849750 covering the life of Mr. Kenneth G. Miller. As a result of the subsequent merger of The Old Line Life Insurance Company of America into Plaintiff, the policy remained in effect with Plaintiff as successor in interest.

35.

Policy No. 1849750 was a renewal level term life policy with a face value of $100,000 (one hundred thousand dollars) (hereinafter "American General Policy").

36.

In additional to being the insured, Mr. Miller was the owner of the American General Policy.

37.

Mrs. Youngsun Miller was the lawfully-wedded wife of Mr. Miller from June 22, 1998, until his death.

38.

At the time he applied for the American General Policy over twenty (20) years ago, on or about May 14, 1992, Mr. Miller named his then wife, Ms. Ignacia Miller, as the beneficiary of the American General Policy.

39.

On April 10, 2012, Mr. Miller directed and changed the beneficiary of his American General Policy to his wife, Mrs. Youngsun Miller, through a previously executed power of attorney in favor of his wife, Mrs. Youngsun Miller.

40.

On or about May 1, 2012, Plaintiff American General recorded the change of beneficiary from Ms. Ignacia Miller to Mrs. Youngsun Miller.

41.

Mrs. Youngsun Miller is the sole beneficiary of the American General Policy.

42.

On May 18, 2012, Mr. Miller died.

43.

At the time of Mr. Miller's death, the American General Policy was in force.

44.

After Mr. Miller's death, pursuant to the American General Policy as the only beneficiary of the policy, on June 20, 2012, Defendant made a claim for the policy proceeds by submitting forms provided by Plaintiff American General, as required under the policy. Mrs. Youngsun Miller previously notified Plaintiff American General of Mr. Miller's death on or about May 21, 2012.

45.

On August 7, 2012, Plaintiff American General sent a letter to Mrs. Youngsun Miller and Defendant Ms. Ignacia Miller, claiming that it could not pay the proceeds because of purported conflicting claims to the American General Policy. Plaintiff American General acknowledged liability for the face amount of the policy in the August 7, 2012 letter.

46.

On information and belief, attorneys representing Defendant Ms. Ignacia Miller have contacted Plaintiff American General, and misrepresented, directly and/or by implication, that Defendant Ms. Ignacia Miller is the beneficiary of the American General Policy, and Mrs. Youngsun Miller is not the rightful beneficiary of the American General Policy.

47.

Any assertion that Mrs. Youngsun Miller is not the proper beneficiary of the American General Policy, or that the beneficiary was not properly changed from Mr. Miller's former wife, Defendant Ms. Ignacia Miller, to his wife of nearly fourteen (14) years at his death, Mrs. Youngsun Miller, is patently false.

48.

Defendant Ms. Ignacia Miller is not the rightful beneficiary of the American General Policy.

49.

Plaintiff American General has not paid and refuses to pay the proceeds of the American General Policy to Mrs. Youngsun Miller.

50.

On information and belief, no one other than Mrs. Youngsun Miller has made a valid claim that he/she is a beneficiary of the American General Policy.

51.

Any meaningful investigation by Plaintiff American General would have revealed that Mrs. Youngsun Miller is the only rightful beneficiary of the American General Policy, and Defendant Ms. Ignacia Miller has no evidence to

show Mr. Miller did not direct the change of beneficiary, by Power of Attorney from Defendant Ms. Ignacia Miller to Mrs. Youngsun Miller.

52.

Plaintiff American General does not have any evidence which supports its failure to pay timely the American General Policy proceeds to Mrs. Youngsun Miller.

53.

There does not exist any reasonable ground to support Plaintiff American General's failure to pay timely Mrs. Youngsun Miller the proceeds of the American General Policy.

54.

Plaintiff American General has failed to conduct a reasonable and appropriate investigation related to Mrs. Youngsun Miller's claim, as any such investigation would have led to the inevitable conclusion that Plaintiff American General is obligated to pay Mrs. Youngsun Miller the proceeds of the American General Policy. Plaintiff American General has been presented with a copy of the Power of Attorney executed by the decedent Kenneth G. Miller in favor of Youngsun Miller.

14

t55.

By refusing to timely pay the proceeds of the American General Policy to Mrs. Youngsun Miller, Plaintiff American General has acted in bad faith.

56.

As a result of Plaintiff American General's wrongful and bad faith refusal to pay the American General Policy proceeds to Mrs. Youngsun Miller, Plaintiff American General has breached its obligations to Mrs. Youngsun Miller, and as a result of such wrongful conduct, Mrs. Youngsun Miller has suffered damages.

## COUNT ONE:BREACH OF CONTRACT

57.

Mrs. Youngsun Miller specifically realleges and incorporates herein by reference allegations contained in Paragraphs 28-56 above.

58.

Pursuant to the terms of the American General Policy, Plaintiff American General was contractually obligated to pay Mrs. Youngsun Miller the proceeds of the American General Policy.

59.

Mrs. Youngsun Miller provided Plaintiff American General with everything required by American Generla for it to process Mrs. Youngsun Miller's claim to pay Mrs. Youngsun Miller the proceeds of the American General Policy.

60.

By failing and refusing to pay the American General Policy proceeds to Mrs. Youngsun Miller, Plaintiff American General has breached its contractual obligations to Mrs. Youngsun Miller in violation of O.C.G.A. §33-23-1 *et seq*., §33-25-1 *et seq.*, §33-4-1 *et seq.* and O.C.G.A. §13-1-1 *et seq.*

61.

As a result of Plaintiff American General's breach of its contractual obligations to Mrs. Youngsun Miller, Mrs. Youngsun Miller has suffered damages in an amount to be proven at trial, and is entitled to recover such damages and all pre-judgment and post-judgment interest allowed by law.

## COUNT TWO: BAD FAITH REFUSAL TO PAY INSURANCE CLAIM

62.

Mrs. Youngsun Miller specifically realleges and incorporates herein by reference allegations contained in Paragraphs 28-61 above.

63.

Pursuant to O.C.G.A. §33-4-6, if any insurance company refuses in bad faith to pay a claim within sixty (60) days after demand, the insurance company is liable for the face amount of the policy, an additional amount equal to fifty percent (50%) of the face amount, and reasonable attorney fees.

64.

On June 20, 2012, Mrs. Youngsun Miller made a demand on Plaintiff American General to pay the proceeds of the American General Policy to her, and as of that date, Plaintiff American General was on clear notice that it would be acting in bad faith if it did not pay such proceeds to Mrs. Youngsun Miller on or before August 20, 2012.

65.

Plaintiff American General has not paid the proceeds of the American General Policy to Mrs. Youngsun Miller.

66.

Mrs. Youngsun Miller is the rightful beneficiary to the policy, and there exists no justification for Plaintiff American General's failure to timely pay the American General Policy proceeds to Mrs. Youngsun Miller.

67.

Any reasonable and meaningful investigation by Plaintiff American General would have revealed there exists no legal or factual basis to support its refusal and failure to timely pay the proceeds of the American General Policy to Defendant.

68.

Plaintiff American General did not conduct a reasonable and appropriate investigation into Mrs. Youngsun Miller's claim, and any such investigation would have confirmed that Plaintiff American General is obligated to pay the proceeds of the American General Policy to Mrs. Youngsun Miller.

69.

Plaintiff American General has acted in bad faith in refusing and failing to timely pay the proceeds of the American General Policy to Mrs. Youngsun Miller.

70.

As a result of Plaintiff American General's bad faith failure and refusal to pay the proceeds of the American General Policy to Mrs. Youngsun Miller, Mrs. Youngsun Miller is entitled to the face amount of the policy, *i.e.*, $100,000.00, an additional amount equal to fifty percent (50%) of the policy, *i.e.*, $50,000.00, reasonable attorney's fees, and all interest and other relief allowed by law.

## COUNT THREE: LITIGATION EXPENSES

70.

Mrs. Youngsun Miller specifically realleges and incorporates herein by reference allegations contained in Paragraphs 28-70 above.

71.

Plaintiff American General has acted in bad faith, been stubbornly litigious, and has put Mrs. Youngsun Miller through unnecessary trouble and expense.

72.

Plaintiff American General has exhibited the requisite bad faith for recovery of litigation expenses including attorney's fees and costs, by virtue of its wrongful refusal to pay the American General Policy proceeds to Mrs. Youngsun Miller.

73.

Pursuant to O.C.G.A. §13-6-11, because Plaintiff American General has acted in bad faith, been stubbornly litigious and put Mrs. Youngsun Miller through unnecessary trouble and expense, Mrs. Youngsun Miller is entitled to all litigation expenses incurred in prosecuting this action, including, but not limited to attorney's fees and costs.

## COUNT FOUR: DECLARATORY AND EQUITABLE RELIEF REGARDING INSURANCE POLICY

### 74.

Mrs. Youngsun Miller specifically realleges and incorporates herein by reference allegations contained in Paragraphs 28-73 above.

### 75.

On information and belief, Defendant Ms. Ignacia Miller has made a claim on the American General policy that is entirely without merit or evidentiary support.

### 76.

The claim of Defendant Ms. Ignacia Miller to the American General Policy, being devoid of merit, would unjustly deny the proceeds of the American General Policy to the policy's rightful beneficiary, Mrs. Youngsun Miller.

### 77.

There is an actual and justiciable controversy between Defendants and Mrs. Youngsun Miller in this case, arising from Defendant Ms. Ignacia Miller's improper claim on the American General Policy and Plaintiff American General's refusal to honor its contractual obligations by paying to Mrs. Youngsun Miller the proceeds of the American General Policy.

78.

Declaratory relief should be issued by this Court pursuant to 28 U.S.C. 2201 and Fed. R. Civ. Proc. 57, which would alleviate uncertainty regarding the American General Policy.

79.

Mrs. Youngsun Miller seeks an affirmative declaration that: 1) She is the rightful beneficiary of the American General Policy as a result of the April 2012 beneficiary change; 2) Defendant Ms. Ignacia Miller has no valid claim on the American General Policy and any prior claim must be relinquished; and 3) Plaintiff American General has a duty to pay the proceeds of the American General Policy to Mrs. Youngsun Miller.

## **CROSSCLAIM**

Defendant Youngsun Miller seeks to Crossclaim against Defendant Ignacia Miller pursuant to Fed. R. Civ. Proc. 13(g) as follows:

## **COUNT ONE: TORTIOUS INTERFERENCE OF CONTRACT**

80.

On May 29, 2012, a letter was sent on Defendant Ignacia Miller's behalf, disputing Mr. Miller's clear wishes and intentions to name Mrs. Younsun Miller as the beneficiary under the policy.

81.

On July 6, 2012, another letter was sent on Defendant Ignacia Miller's behalf, contesting Mrs. Youngsun Miller as the beneficiary under the policy.

82.

On information and belief, attorneys representing Defendant Ms. Ignacia Miller have contacted Plaintiff American General, and misrepresented, directly and/or by implication, that Defendant Ms. Ignacia Miller is the beneficiary of the American General Policy, and Mrs. Youngsun Miller is not the rightful beneficiary of the American General Policy.

83.

After receiving these letters and contacts, American General refused to honor its contractual obligations by paying to Mrs. Youngsun Miller the proceeds of the American General Policy.

84.

By contacting American General and contesting the clear wishes of the late Mr. Miller, Ms. Ignacia Miller interfered with the contractual relations between American General, the late Mr. Miller and Mrs. Youngsun Miller. Accordingly, an

action for tortuous interference of contractual relations is proper under O.C.G.A. 51-12-30.

## **JURY DEMAND**

### 85.

Defendant hereby demands that all claims in this Complaint that are proper for presentation to a jury be tried to a jury pursuant to Fed. R. Civ. Proc 38.

## **RESPONSE TO RELIEF REQUESTED**

### 85.

Defendant denies that Plaintiff American General is entitled to the relief sought in subparagraphs a., d., e., and f. of the "WHEREFORE" paragraph in Plaintiff's complaint.

### 86.

Defendant admits the assertions in subparagraphs b., and c. of the "WHEREFORE" paragraph in Plaintiff's complaint.

WHEREFORE, Mrs. Youngsun Miller respectfully requests judgment be entered in her favor against Plaintiff American General and Cross Defendant Ignacia Miller, including, but not limited to:

1) Under Count One, a judgment against Plaintiff for breach of contract awarding all damages and other relief for such breach and pre-judgment and post-judgment interest as provided by law;

2) Under Count Two, a judgment against Plaintiff for its bad faith refusal to pay Defendant's claim and awarding all statutory damages provided by O.C.G.A. §33-4-6 but not less than $150,000.00 plus reasonably attorney's fees and costs incurred in prosecuting this action;

3) Under Count Three, an amount equal to the litigation expenses, including reasonable attorney's fees and costs, incurred by Mrs. Youngsun Miller in prosecuting this action;

4) Under Count Four, declaratory relief identifying Mrs. Youngsun Miller as the rightful beneficiary of the American General Policy;

5) Under Count One of the Crossclaim against Ignacia Miller, a judgment  for tortuous interference of contract awarding all damages and other relief for such breach and pre-judgment and post-judgment interest as provided by law.

6)  That attorney fees be awarded as provided by law;

7)  That punitive damages be awarded;

8)  Trial by jury on all questions;

9)  Any other relief this Court deems just and proper.

This ___21st___ day of December, 2012.

Respectfully submitted,

Melville Johnson, P.C.
Attorney for Defendant
Youngsun Miller

 /s/  George M. Johnson
GA State Bar No.: 393505

Melville Johnson, P.C.
22 7th Street, NE
Atlanta, GA 30308
Tel:   (404) 742-0000
Fax:   (404) 742-0030
Gjohnson@melvillejohnson.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| AMERICAN GENERAL LIFE | ) | |
| INSURANCE, as successor in interest | ) | |
| To The Old Line Insurance Company | ) | |
| Of America, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.:   1:12-CV-3677-AT |
| | ) | |
| YOUNGSUN MILLER and IGNACIA F. | ) | |
| MILLER, | ) | |
| | ) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that Defendant's answer, counterclaims, and crossclaim were served on Plaintiff American General and Defendant Ignacia Miller to their attorneys of record on this 21st Day of December, 2012 as follows:

Jason M. Kuzniar
Wilson, Elsor, Moskowit,
Edelman & Dicker, LLP
55 W. Monroe St., Suite 3800
Chicago, IL 60603

Julie M. Pomerantz
Mitchell, Williams, Selig,
Gates & Woodyard, P.L.L.C.
425 West Capitol Ave., Suite 1800
Little Rock, Arkansas 72201

Respectfully submitted,


                                        Melville Johnson, P.C.
                                        Attorney for Defendant
                                        Youngsun Miller


                                         /s/  George M. Johnson
                                        GA State Bar No.: 393505

Melville Johnson, P.C.
22 7th Street, NE
Atlanta, GA 30308
Tel:   (404) 742-0000
Fax:   (404) 742-0030
Gjohnson@melvillejohnson.com